Tocco v Berg (2020 NY Slip Op 06165)





Tocco v Berg


2020 NY Slip Op 06165


Decided on October 28, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 28, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
JOSEPH J. MALTESE, JJ.


2017-10677
 (Index No. 70496/14)

[*1]Joseph Tocco, et al., respondents, 
v
Barry Berg, appellant, et al., defendant.


Law Offices of Steven Cohn, P.C., sued herein as Law Office of Steven Cohn, P.C., Carle Place, NY (Susan E. Dantzig of counsel), defendant pro se, for appellant.
Mound Cotton Wollan & Greengrass LLP, New York, NY (Costantino P. Suriano and Jon Quint of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant Barry Berg appeals from an order of the Supreme Court, Suffolk County (Paul J. Baisley, Jr., J.), dated August 25, 2017. The order, insofar as appealed from, denied that branch of the cross motion of the defendant Barry Berg, made jointly with the defendant Law Office of Steven Cohn, P.C., which was for summary judgment limiting the damages to be recovered on the first cause of action asserted against him to certain escrowed funds in the sum of $20,000.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the cross motion which was for summary judgment limiting the damages to be recovered on the first cause of action asserted against the defendant Barry Berg to certain escrowed funds in the sum of $20,000 is granted.
On July 24, 2013, the plaintiffs entered into a contract of sale to purchase a condominium unit from the defendant Barry Berg. Prior to closing, the subject premises sustained water damage as the result of a burst pipe.
At the time of the closing on October 15, 2013, Berg's insurance claim related to the subject water damage was still pending. The parties entered into a "Survival Agreement" that provided: "The parties wish to conclude the transaction with the outstanding insurance claim, but with a sum certain credit to be given to the [plaintiffs] for accepting the premises with the damage sustained in [the subject] casualty loss." In particular, Berg would give the plaintiffs a credit of $20,000 at closing, the receipt of which they acknowledged. An additional sum of $20,000 would be held in escrow and paid to the plaintiffs following resolution of the pending insurance claim, "regardless of the amount recovered by [Berg]." After the closing, the plaintiffs discovered that the damage to the premises from the burst pipe was greater than originally believed.
On December 11, 2014, the plaintiffs commenced this action to recover damages for breach of contract and conversion. In the first cause of action in the amended complaint, the plaintiffs sought to recover from Berg a minimum sum of $80,000 in damages based on allegations [*2]that since the closing, they have spent more than $100,000 to remediate the damage to the premises from the burst pipe. They alleged that Berg breached the Survival Agreement by failing to turn over to them the escrowed funds in the sum of $20,000, despite resolution of the insurance claim, and by failing "to undertake the steps reasonably necessary, and required by the Survival Agreement, to obtain additional sums, all of which would inure to [the] plaintiffs' benefit, from [his] insurer."
The plaintiffs moved, inter alia, for summary judgment in the amount of $20,000 on the first cause of action based on Berg's alleged failure to turn over the escrowed funds. Berg cross moved, jointly with the defendant Law Office of Steven Cohn, P.C. (hereinafter the escrowee), among other things, for summary judgment limiting the damages to be recovered on the first cause of action asserted against him to the escrowed funds in the sum of $20,000.
In an order dated August 25, 2017, the Supreme Court, inter alia, granted that branch of the plaintiffs' motion which was for summary judgment in the amount of $20,000 on the first cause of action and denied that branch of Berg's cross motion, made jointly with the escrowee, which was for summary judgment limiting the damages to be recovered on the first cause of action asserted against him to the escrowed funds. Berg appeals from so much of the order as denied that branch of the cross motion.
Berg established his prima facie entitlement to summary judgment limiting the damages to be recovered on the first cause of action asserted against him to the escrowed funds in the sum of $20,000. In support of the cross motion, Berg and the escrowee submitted a copy of the Survival Agreement, which by its express terms entitles the plaintiffs to receive from Berg the sum certain credit of $40,000, at most, in exchange for accepting the premises with the damage sustained thereto as a result of the burst pipe, and which contains no provision requiring Berg to undertake any steps to obtain additional sums from his insurer for the plaintiffs' benefit or otherwise rendering him liable for their actual costs of remediating the damage to the premises (see Westchester County Corr. Officers Benevolent Assn., Inc. v County of Westchester, 99 AD3d 998, 999). In opposition to Berg's prima facie showing, the plaintiffs failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
Accordingly, the Supreme Court should have granted that branch of Berg's cross motion, made jointly with the escrowee, which was for summary judgment limiting the damages to be recovered on the first cause of action asserted against him to the escrowed funds in the sum of $20,000.
LEVENTHAL, J.P., ROMAN, COHEN and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court